**In the Matter of David E. LEWIS.**

**No. 49S00–9509–DI–1066.**

Supreme Court of Indiana.

June 9, 1997.

Kevin P. McGoff, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapo-

lis, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

■ This lawyer discipline action comes before us on the parties' *Statement of Circumstances and Conditional Agreement for Discipline.* As the final arbiter of lawyer misconduct, this Court may accept or reject the proffered resolution. Ind.Admission and Discipline Rule 23, Section 11(c). We find that the parties' agreement should be accepted. The opinion that follows sets forth the facts and circumstances of this case and our rationale for accepting the agreement. Our disciplinary jurisdiction of this case is conferred by the respondent's admission to this state's bar in 1991.

This action commenced upon the Disciplinary Commission's filing of a *Verified Complaint for Disciplinary Action* on September 19, 1995, which included charges that the respondent violated Ind.Professional Conduct Rule 1.15(a).[1] Pursuant to that complaint, the parties now agree that the respondent maintained a bank account entitled "David E. Lewis Attorney At Law Trust Account." On February 3, 1995, the respondent deposited a settlement check, which he had received on behalf of a client, in the amount of $12,518.00 into the account. On that date, the account held funds belonging to the respondent that were not held for the benefit of clients or third persons. The respondent wrote numerous checks on the account for payment of various personal and business expenses.

■ The parties have agreed, *inter alia,* that the respondent's conduct violated Prof. Cond.R. 1.15(a). We now find that by commingling funds held on behalf of a client with his own, the respondent violated that provision.

■ For the misconduct, the parties agree that the respondent should be publicly reprimanded. They contend that the respondent's mismanagement of client funds caused no harm to any client, that it was related to his inexperience in trust fund management, and that he has since attended a seminar devoted to proper trust account management procedures. Among the factors we examine when gauging the adequacy of lawyer discipline is the nature of the misconduct, the risk to the public in allowing the respondent to continue in practice, and factors in mitigation. *In re Grotrian,* 626 N.E.2d 807 (Ind. 1994).[2] The respondent's misconduct appears to be an isolated occurrence. He has since taken steps to educate himself on proper methods of client fund management and is now associated with a group of experienced practitioners who may be a source of guidance to him in proper client fund administration. We are therefore convinced that the respondent does not represent a continuing threat to his clients and that, therefore, the agreed sanction is appropriate in this case.

Accordingly, the respondent, David E. Lewis, is hereby reprimanded and admonished for the misconduct occurring in this case.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.

---

1. Professional Conduct Rule 1.15(a) provides, in relevant part:

    A lawyer shall hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or else-where with the consent of the client or third person.

2. Other factors which are considered include the state of mind of the lawyer, our duty to preserve the integrity of the profession, any harm attendant to the lawyer's misconduct, and factors in aggravation. *Id.*