**In the Matter of Mitchell R. HEPPENHEIMER.**

**No. 71S00–9808–DI–462**

Supreme Court of Indiana.

Feb. 15, 1999.

Ronald E. Elberger, Alan S. Townsend, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Robert C. Shook, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

**DISCIPLINARY ACTION**

PER CURIAM.

The Indiana Supreme Court Disciplinary Commission charged the respondent, Mitchell R. Heppenheimer, with two counts of professional misconduct. The charges arise from his representation of a seller in a real estate transaction in which his law partner represented the buyer and from his improper

deposit of client funds into his firm's operating account.

The Commission and the respondent have tendered for this Court's approval a *Statement of Circumstances and Conditional Agreement for Discipline* with respect to the charged misconduct, pursuant to Ind. Admission and Discipline Rule 23, Section 11(c). As the respondent was admitted to practice law in Indiana in 1976, he is subject to this Court's disciplinary jurisdiction.

The agreement reflects the following undisputed facts. With respect to Count I, the parties agree that a person seeking to purchase a liquor store (the "buyer") from two individuals and a corporation (the "sellers") retained the respondent's partner in 1993 to draft a purchase contract. At the time, the buyer was renting the liquor store from the sellers.

In January 1994, the respondent's partner sought the advice of the respondent while drafting the sales contract. The respondent informed his partner that the respondent had represented the sellers in business transactions on numerous occasions prior to 1994.

On February 2, 1994, one of the sellers contacted the respondent with respect to the sale of the liquor store and the renewal of a liquor permit for the store. The respondent informed the seller that his partner was representing the buyer. Despite this obvious conflict, the respondent undertook representation of the sellers and began processing the renewal application for the liquor license. The buyer did not consent to the respondent's representation of the sellers.

Shortly thereafter, the buyer retained new counsel. The respondent continued to represent the sellers and filed suit on their behalf against the buyer on April 11, 1994. The lawsuit, which alleged breach of contract, sought immediate possession of the real estate and an award of damages.

The day after the lawsuit was filed, the respondent wrote a letter to the buyer's counsel in which the respondent admitted he had a conflict of interest in the case. The respondent stated exigent circumstances prompted his filing of the lawsuit and that he anticipated substitute counsel would appear on the sellers' behalf at the hearing scheduled for April 19, 1994. That hearing was continued indefinitely, but the buyer vacated the premises and the liquor store was closed. The parties later resolved their differences, and the liquor license was transferred to a relative of the buyer.

The parties agree, and we hereby find, that the respondent's representation of the seller in a transaction in which his partner represented the buyer constituted a conflict of interest which violated Ind. Professional Conduct Rule 1.7(a), 1.9(a) and 1.16(a).[1]

As to Count II, the Commission and the respondent agree that the respondent has been responsible for the accounting and bookkeeping practices with respect to the operating and trust accounts of the law firm of Heppenheimer, Korpal and Toth since at least 1988. The respondent's practice for many years was to deposit into the firm's operating account any settlement checks received by the firm on behalf of its clients. Checks drawn on the operating account would be immediately issued to the clients and to any third parties entitled to proceeds from the settlements. The checks typically were post-dated five days from the date of

---

1. Prof.Cond.R. 1.7(a) provides:

    A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
    (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
    (2) each client consents after consultation.
    Prof.Cond.R. 1.9(a) provides:
    A lawyer who has formerly represented a client in a matter shallnot thereafter:
    (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation ...
    Prof.Cond.R. 1.16(a) provides in relevant part:
    (a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
    (1) the representation will result in violation of the Rules of Professional Conduct or other law ...
    (c) When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

deposit. If any funds due the client or third parties were not paid immediately to the clients or third parties, the respondent typically would transfer those funds by check from the operating fund to the trust account. The funds would remain in the trust account until distribution to the client or third parties.

On three occasions during 1995, the total funds owed to third parties or held for the benefit of the respondent's clients could be obtained only by combining the funds in the trust account and operating account. Also, the trust account earned interest totaling $608.31 between January 1, 1995, and March 31, 1995. Such interest was not distributed to the clients or third parties to whom it was owed until October 31, 1997.

The parties agree, and we hereby find, that the respondent, by co-mingling funds belonging to clients and to third parties with the funds of the law firm, violated Prof. Cond.R. 1.15(a) and 1.15(b).[2]

The parties offer, in mitigation, the following facts. Aside from these charges, the respondent has had an exemplary record since his admission to the bar 22 years ago. After the 1988 death of his father, with whom he had practiced, the respondent assumed responsibility for managing the practice and inherited many outdated procedures implemented by his father decades earlier. Since the filing of these charges, the respondent has implemented a computerized system for detecting potential conflicts of interest. Also, the respondent, who believed his father's accounting system complied with the Rules of Professional Conduct, has revised that system and attended a seminar on managing client trust accounts. Moreover, the respondent required all attorneys at his law firm to attend a seminar concerning law office management.

The parties also note, in mitigation, the respondent's many years of service to the St. Joseph County Bar Association and the Indiana State Bar Association and his work as a member of the St. Joseph Superior Court Nominating Committee. The parties further cite the respondent's cooperation throughout the investigation. In light of these mitigating circumstances, the parties agree that the appropriate sanction is a public reprimand.

We now must determine if the sanction proposed by the Commission and the respondent, that being a public reprimand, is appropriate in light of the misconduct admitted. The respondent ignored an obvious and substantial conflict of interest when, without seeking the consent of the buyer and the sellers, he represented the sellers in an adversarial transaction in which his partner was representing the buyer. Even after acknowledging this conflict in correspondence after he had filed suit against the buyer on behalf of the sellers, the respondent failed to withdraw from the case. While we are encouraged that the respondent has implemented a new system to identify conflicts of interest, such a system should not have been needed under these circumstances, inasmuch as the conflict was so evident.

The respondent also should have known that the manner in which he was managing client funds was improper. The fact that he inherited an outdated system does not excuse his conduct. It was his obligation to ensure that he met minimum professional standards

2. Prof.Cond.R. 1.15 provides in relevant part:
(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation. A lawyer may deposit his or her own funds reasonably sufficient to maintain a nominal balance. (b) Upon receiving funds or other property in which the client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

of conduct as set forth in the Rules of Professional Conduct.

We have imposed public reprimands for isolated conflicts of interest. *See, e.g., Matter of Anonymous,* 655 N.E.2d 67 (Ind.1995); *Matter of Robak,* 654 N.E.2d 731 (Ind.1995). Also, a public reprimand often has been imposed where an attorney inadvertently or negligently managed client funds without significant harm to clients. *See, e.g., Matter of Lewis,* 680 N.E.2d 858 (Ind.1997); *Matter of Kinkead,* 661 N.E.2d 823 (Ind.1996).

Given that precedent and the mitigating factors noted by the parties, we are persuaded that the sanction to which the Commission and the respondent have agreed—a public reprimand—is appropriate under these circumstances. Accordingly, the respondent, Mitchell R. Heppenheimer, is hereby reprimanded and admonished.

The clerk of this Court is directed to provide notice of this order in accordance with Ind. Admission and Discipline Rule 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the clerk.

Costs of this proceeding are assessed against the respondent.